[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
In this action in which plaintiff seeks to foreclose on a mechanics lien and to recover for services and materials furnished to rebuild defendants' house, damaged by fire, defendants seek a partial summary judgment on plaintiff's first count of breach of contract and second count of quantum meruit, on the grounds the contract between the parties violated provisions of the Home Improvement Contract Act 20-429 and the Home Solicitation Sales Act, 42-134a. et seq.
Specifically defendants claim the contract violates20-429(a)(5) in that it does not contain the address of the plaintiff contractor. The contract does state plaintiff has "its principal place of business located in the Town of Enfield, County of Hartford and State of Connecticut." The court finds that adequately complies with the statute.
Defendants further claim the contract violates20-429(a)(6) and 42-135(a)(1) and (2) in that it does not contain the prescribed language and bold face type informing defendants of this right of cancellation. The termination clause in the contract does not comply with these statutory requirements.
However, a factual issue arises as to whether the contract between the parties comes within the purview of these acts. The affidavit of John Cavolick, plaintiff's President, stated that defendant Dr. McGann contacted him and all negotiations relating to the contract took place at Cavolick's office or home. The contract entered into was for renovation and CT Page 7987 rebuilding of defendants' fire damaged home for a price of $304,232.
Section 42-134a(a) provides that a "`Home solicitation sale' means a sale . . . in which the seller or his representative personally solicits the sale, including those in response to or following an invitation by the buyer and the buyer's agreement or offer to purchase is made at a place other than the place of business of the seller. The term `home solicitation sale' does not include a transaction . . . (4) in which the buyer has initiated the contact and specifically requested the seller to visit his home for the purpose of repairing or performing maintenance upon the buyer's personal property."
There are questions of fact of whether the plaintiff solicited the sale, or whether the defendants initiated the contact, and where the negotiations of the contract and its signing took place. There is also a question of fact of whether the contract comes within the home improvement act when it called for completely rebuilding a house, apparently totally destroyed by fire, for over three hundred thousand dollars.
The motion for partial summary judgment is denied.
Robert Satter, State Trial Referee